IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| RONNIE OTEMS,#1649327 | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv39 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner currently confined in the Tulia Unit in Tulia, Texas, brings this *pro se*

and *in forma pauperis* petition for a writ of habeas corpus challenging his conviction pursuant to 28

U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law, and

recommendations for disposition of the case.

Background

Petitioner is complaining about a conviction from Collin County. He states that, in Collin

County Cause Number 380-82722-09, he pleaded guilty to aggravated sexual assault of a child, and

was sentenced to twelve years' confinement. Petitioner further stated that his direct appeal was

affirmed on April 20, 2011. He denies filing a petition for discretionary review or a state writ of

habeas corpus.

In the instant petition, Petitioner alleges that he is entitled to relief based on several instances

of ineffective assistance of counsel, because there was "no examining trial," and because his

conviction was obtained by a violation of the privilege against self-incrimination.

## Exhaustion of State Remedies

A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b), ( c). In order to exhaust properly, he must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed.2d 438 (1971). In Texas, all claims must be presented to and ruled on by the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). It should be noted that a federal habeas corpus petitioner fails to exhaust his state remedies when he relies on a different legal theory than that presented in state court, or when he makes the same legal claim to a federal court, but supports the claim with factual allegations that he did not present to the state courts. *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1987).

In the present case, Petitioner has not exhausted his habeas corpus remedies. He has not presented the claims he now raises to the Court of Criminal Appeals of Texas. *Id*. The Fifth Circuit has held that federal courts must abstain from the exercise of jurisdiction if the issued raised in the petition may be resolved either by a trial on the merits in state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana,* 816 F.2d 220, 225 (5th Cir. 1987). Petitioner may not file a habeas petition in this Court until the Court of Criminal Appeals of Texas has rendered a decision on the same issues presented in federal court. Consequently, the petition should be dismissed for failure to exhaust.

## Recommendation

It is recommended that the above-styled petition for writ of habeas corpus be dismissed

without prejudice for failure to exhaust state habeas corpus remedies.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 26th day of January, 2012.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE